IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie J. Polite, | ) | C/A No. 3:15-1520-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CACI, Inc. - Federal, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Willie J. Polite, commenced this employment action as a *pro se* litigant. He alleged discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., against the defendant, his former employer. Polite further raised a state law claim of defamation. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's partial motion to dismiss the defamation claim. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Polite was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 33.) Polite subsequently retained counsel, who filed a response in opposition to the defendant's motion (ECF No. 46). The defendant filed a reply. (ECF No. 47). Having carefully considered the parties'

submissions and the record in this case, the court concludes that the defendant's partial motion to dismiss the defamation claim in this case should be granted.[1]

## BACKGROUND

With regard to Polite's defamation claim, he alleges "blatant fabrications, misleading emails and false evaluations that were not viewed, signed or given to [Polite] . . . . [which] led to [his] demotion, suspension and ultimately termination." (Am. Compl., ECF No. 21 at 3.) Polite further claims that Project Manager "George Miller informed MR Redmond that [Polite's] performance as a lead instructor has been unacceptable, [that he] failed to follow the proper guidance concerning work hours and [] told the lead Instructor in Alpha Company that Mr. Miller approved hours." (ECF No. 21-1 at 3.) Polite asserts that such information "is absolutely" untrue. (Id.) Polite further complains of "miscommunications that caused disharmony," and Miller's alleged criticism, negative feedback, downplaying of Polite's accomplishments, and failure to acknowledge "several coins of Excellence" he received. (Id. at 4.) As relief, Polite seeks monetary damages and removal "of all false statements, evaluations and counseling statement that were never given to [Polite]." (Id. at 6.)

---

[1] The defendant's motion seeks dismissal of Polite's defamation claim. (Def.'s Mot. Dismiss, ECF No. 31; Def.'s Mem. Supp. Mot. Dismiss, ECF No. 31-1 at 2, 5.) The defendant's reply seeks dismissal of both Polite's defamation and Title VII claims and incorporates by reference a previously filed partial motion to dismiss such claims. (Def.'s Reply, ECF No. 47 at 2; Def.'s Mot. Dismiss, ECF No. 13.) In the first motion to dismiss Polite's defamation and Title VII claims, the defendant argues that the Complaint fails to "allege a race claim pursuant to Title VII" and fails to establish a claim for defamation under South Carolina law. (Def.'s Mem. Supp. Mot. Dismiss, ECF No. 13-1 at 2-3.) In response to the defendant's motion, Polite filed an Amended Complaint, which asserts a Title VII claim based on racial discrimination. (Pl.'s Am. Compl., ECF No. 21-1 at 3-4.) Accordingly, to the extent the defendant continues to seek dismissal of Polite's Title VII claims, the court concludes that the defendant's request should be denied, as the alleged deficiency appears to have been cured.



**DISCUSSION**

A.  **Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks & citation omitted).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.  **Defendant's Motion**

To establish a claim of defamation under South Carolina law, "a plaintiff must show '(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.' " Banks v. St. Matthew Baptist Church, 750 S.E.2d 605, 607 (S.C. 2013) (quoting Erickson v. Jones St. Publishers, LLC, 629 S.E.2d 653, 664 (S.C. 2006)).

Having carefully reviewed the parties' submissions, the court concludes that Polite's defamation claim is barred by the applicable statute of limitations.  The only allegedly defamatory statements identified by Polite with any specificity are those he asserts were made by George Miller,



an agent of the defendant, to Andrew M. Redmond who appears to be an employee of Cubic.[2] (Am. Compl., 21-1 at 3.) With his response to the defendant's motion, Polite provides a letter written to him by Redmond and dated July 19, 2012 (ECF No. 46-1 at 1) which mirrors the Amended Complaint's references to statements allegedly made by Miller to Redmond (Am. Compl., ECF No. 21-1 at 3).

As noted by the defendant in its reply (ECF No. 47 at 2-3), the statute of limitations for a defamation claim is two years. See S.C. Code Ann. § 15-3-550(1). However, the letter provided by Polite indicates that such statements were made sometime prior to July 19, 2012. (ECF No. 46-1 at 1.) Polite filed the Complaint in this case on April 7, 2015 and the Amended Complaint on August 3, 2015. (Compl., ECF No. 1; Am. Compl., ECF No. 21.) Thus, even if the court were to assume, without deciding, that Polite could satisfy the elements to plausibly assert a defamation claim, any such claim based on Miller's statements to Redmond is barred by the statute of limitations. Accordingly, the defendant's motion to dismiss Polite's defamation claim should be granted.

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion to dismiss the defamation claim in this action be granted. (ECF No. 31.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Polite asserts that the defendant and Cubic are contractors for the Department of Defense. (Am. Compl., ECF No. 21 at 3.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).