IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie J. Polite, | ) | C/A No. 3:15-1520-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CACI, Inc. - Federal, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the defendant's affidavit of fees (ECF No. 69) submitted in response to the court's April 14, 2016 order granting without opposition filed the defendant's motion to compel (ECF No. 62). In its order, the court directed the defendant to submit an affidavit detailing the attorney's fees and costs associated with its motion to compel.

It is well established that the allowance of attorney's fees is within a judge's discretion. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). Generally, in calculating an appropriate attorney's fee award, the court begins with the lodestar amount, that is, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). When an attorney has met his burden of showing that the requested rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee. See Blum v. Stenson, 465 U.S. 886, 887 (1984). In determining whether any adjustment to this calculation is necessary, the court may consider twelve factors originally established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), and adopted by the United States Court of

Appeals for the Fourth Circuit in <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

<u>Barber</u>, 577 F.2d at n.28.

The defendant's attorney has submitted an affidavit in which he requests attorney's fees incurred from preparing and filing the defendant's motion to compel in the amount of $782.00, which is calculated based on 3.4 hours of time at a rate of $230 per hour.[1] (Aff. of Fees and Costs, ECF No. 69.) The defendant's attorney itemizes the time expended in preparing the motion, as well as multiple e-mails and phone calls with opposing counsel regarding the status of the requested discovery responses. (<u>Id.</u>) The plaintiff has filed no objection to the amount requested for attorney's fees and has not challenged either the hourly rate requested or the reasonableness of the hours expended.

Based on the foregoing factors and the information before the court, the court finds the sum of $782.00 for attorney's fees to be reasonable. It is therefore

**ORDERED** that the defendant is awarded attorney's fees against the plaintiff in the amount of $782.00.

---

[1] The defendant's attorney does not seek costs associated with filing the motion the compel.



**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 3, 2016
Columbia, South Carolina