

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIE J. POLITE,<br>          Plaintiff,<br><br>vs.<br><br>CACI, INC. - FEDERAL,<br>          Defendant. | §<br>§<br>§<br>§     CIVIL ACTION NO. 3:15-01520-MGL<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this case as an employment discrimination action. The parties are represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court declines to conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct

the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on October 3, 2016, Plaintiff filed his objections to the Report on October 28, 2016, and Defendant filed a reply on November 17, 2016. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Plaintiff's objections, for the most part, he essentially makes the same arguments he made to the Magistrate Judge, who went into much detail explaining her reasons for rejecting them. Plaintiff has failed to submit specific objections to the Report, instead making general and conclusory objections without identifying specific errors of fact or law relied on by the Magistrate Judge. Nevertheless, in an abundance of caution, the Court has teased out three objections and will now address each of them in turn.

Plaintiff first appears to object to the Magistrate Judge's recommendation that he abandoned his retaliation claim because he failed to oppose or respond to Defendant's motion for summary judgment on this claim. Plaintiff concedes he has abandoned his claim pursuant to the Americans with Disabilities Act (ADA). However, Plaintiff refers to his EEOC intake questionnaire, ECF No. 75-1, which purportedly sets forth facts of retaliatory conduct by Defendant, as his basis for opposing summary judgment on his retaliation claim. The cogency of Plaintiff's argument eludes the Court.

As noted by the Magistrate Judge, Plaintiff refrained from responding to Defendant's motion for summary judgment on his retaliation claim. Because Plaintiff failed to respond to Defendant's motion on his retaliation claim, the Court will grant Defendant's motion for summary judgment on

Plaintiff's retaliation claim as unopposed. *See Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."). Therefore, the Court will overrule Plaintiff's first objection and grant Defendant's motion for summary judgment as to Plaintiff's ADA and retaliation claims.

Next, Plaintiff seems to object to the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies regarding his harassment claim. Plaintiff relies on his initial EEOC Complaint as the basis for exhausting his administrative remedies on his harassment claim. The Court is unconvinced.

Plaintiff's conclusory objection fails to point out any error in the Magistrate Judge's conclusion. Moreover, Plaintiff neglects to identify any portion of his charging documents that raises a claim for harassment against Defendant during the relevant time period. Thus, the Court holds Plaintiff failed to exhaust his administrative remedies as to his harassment claim. Therefore, the Court will overrule Plaintiff's second objection as well and grant Defendant's motion for summary judgment on Plaintiff's harassment claim.

Finally, Plaintiff appears to object to the Magistrate Judge's holding that Plaintiff failed to present any evidence to establish a race discrimination claim. Plaintiff insists he suffered race discrimination on two occasions during his employment with Defendant, namely when he was hired on September 22, 2012, and when he was terminated on May 15, 2013. Plaintiff alleges he was "demoted" when Defendant hired him for a new position, and he takes issue with the Magistrate Judge's consideration of Valerie McCormick's declaration, ECF No. 59-4, detailing the skills matrix

Defendant used to conduct the reduction in force that led to Plaintiff's termination. Plaintiff's arguments strain the bounds of credulity.

Plaintiff's contention that Defendant discriminated against him in hiring by allegedly demoting him is meritless for the reasons stated by the Magistrate Judge, and Plaintiff has failed to marshal evidence showing otherwise. Rather, the record shows Plaintiff was offered and accepted the job for the position for which he applied.

Furthermore, Plaintiff's claim that the Magistrate Judge should have refrained from considering McCormick's declaration is fundamentally misguided. McCormick submitted her declaration as authorized by statute, and the Magistrate Judge properly considered the declaration in preparing the Report. *See* 28 U.S.C. § 1746 (stating that unsworn declarations meet the affidavit requirements if signed under the penalty of perjury). Plaintiff has utterly failed to present any material evidence to support his claim that Defendant terminated him on the basis of race. Consequently, the Court holds Plaintiff has failed to produce sufficient evidence to establish a prima facie case of race discrimination by Defendant. Therefore, the Court will overrule Plaintiff's third objection and grant Defendant's motion for summary judgment on Plaintiff's race discrimination claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 21st day of November, 2016, in Columbia, South Carolina.

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE